
12/22/2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BPP TEXAS, LLC, *ET. AL.*, | § | Case No. 10-44378 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**ORDER: (I) GRANTING INTERIM AUTHORITY TO USE CASH COLLATERAL; AND (II) SETTING FINAL HEARING**

CAME ON FOR INTERIM HEARING the *Debtors' Emergency Motion for Interim and Final Authority to Use Cash Collateral* (the "Motion"), filed by BPP Texas, LLC, BPP Illinois, LLC, BPP Iowa, LLC, BPP Michigan, LLC, BPP Minnesota, LLC, and BPP Wisconsin, LLC (collectively, the "Debtors"), the debtors and debtors-in-possession in the above styled and numbered jointly administered bankruptcy case (the "Bankruptcy Case"). By the Motion, the Debtors seek interim authority to use Cash Collateral (as defined by section 363(a) of the Bankruptcy Code) in which Citizens Bank of Pennsylvania ("Citizens") claims an interest.

Having considered the Motion and the evidence at said hearing, the Court hereby finds and concludes as follows:

A. On December 21, (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code. The Court has ordered the joint administration of the Debtors' respective cases under the style and number of the Bankruptcy Case.

B. The Debtors are continuing in possession of their property, and operating and managing their business, as debtors-in-possession, pursuant to Bankruptcy Code sections 1107 and 1108.

C. This Court has jurisdiction over the Bankruptcy Cases and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion presents a core proceeding as defined in 28 U.S.C. § 157(b)(2).

D. The Debtors are each obligated to Citizens in an amount not less than $66 million. Pursuant to multiple prepetition loan and security agreements, Citizens claims perfected security interests and liens in substantially all assets of the Debtors, including, without limitation, to Cash Collateral. Collectively, the Debtors own and operate twenty-two (22) hotels in six (6) different states. From the same, the Debtors generate income which, if subject to Citizen's liens and security interests, would constitute Cash Collateral.

E. Without an immediate need for the use of Cash Collateral, the Debtors do not have other sufficient cash and funds to carry on the operation of their businesses, to pay employees, pay vendors and service providers, and to keep their hotels open. Absent an immediate use of Cash Collateral, the Debtors and their estates will suffer immediate and irreparable injury.

F. The provisions of this Order, and the record of the hearing on the Motion, demonstrate that Citizens will be adequately protected for the Debtors' usage of Cash Collateral during the Interim Period (defined below) in accordance with the requirements of sections 361 and 363 of the Bankruptcy Code, without prejudice to Citizen's right to adequate protection, and the sufficiency of the same, for any period after the Interim Period.

G. Good cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize the disruption of the Debtors' existing business, will increase the possibility for a successful reorganization of the Debtors, and is in the best interest of the Debtors, their creditors, and any other parties in interest.

H.  The Debtors have requested immediate entry of this Order.  The relief granted herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.  This Court concludes that immediate entry of this Order is in the best interests of the Debtors' estates and creditors.

Accordingly, based on all of the foregoing and the entire record before the Court in this Bankruptcy Case, including the record of the preliminary hearing regarding the Motion, and for good and sufficient cause; it is therefore:

ORDERED that the Motion is GRANTED on an interim basis only as provided for herein; it is further

ORDERED that a final hearing on the Motion is set before this Court in its Plano, Texas courtroom for **January 19, 2011 at 9:00 a.m.** (the "Final Hearing"); it is further

ORDERED that the Debtors are authorized to use Cash Collateral for the period commencing on December 21, 2010 through to and including the conclusion of the Final Hearing (such period, the "Interim Period"), only for the purposes referenced in, and the amounts specified by, the Interim Budget attached to this Order as Exhibit "A" (the "Interim Budget"); it is further

ORDERED that, during the Interim Period, the Debtors may exceed the budgeted amount for any line item in the Interim Budget by no more than ten (10) percent, unless Citizens agrees to a greater variance in writing, and the Debtors may exceed the entire budgeted amount for the Interim Period by no more than five (5) percent, unless Citizens agrees to a greater variance in writing; it is further

ORDERED that, to the extent Citizens is subsequently determined to have valid, perfected, and unavoidable liens and security interests in the Cash Collateral, Citizens is hereby

granted, without the need for any further filing, instrument, recording, or otherwise, an automatically perfected, valid, and binding replacement lien, with the same priority and validity as existed on the Petition Date, in and to all property of the Debtors and their estates, to the extent of any diminution in the value of Citizens' collateral, *provided, however,* that the same shall not extend to funds of the Debtors held in retainer by Debtors' counsel pursuant to this Order, without prejudice to Citizens' ability to argue that said funds are otherwise subject to its liens and security interests and without prejudice to the Court subsequently expanding the replacement liens granted hereunder to such funds; it is further

ORDERED that, to the extent Citizens is subsequently determined to have valid, perfected, and unavoidable liens and security interests in the Cash Collateral, and there is a failure of adequate protection respecting the Debtors' usage thereof, Citizens is hereby granted an automatic super-priority administrative claim pursuant to section 507(b) of the Bankruptcy Code, which is and shall be superior in priority to all other unsecured administrative claims; it is further

ORDERED that the Interim Period, and operation of this Order, may be extended by agreement of the Debtors and the Lender by a filed stipulation in the Bankruptcy Case, in which case all provisions, dictates, and protections of this Order will apply to any such extended term, which term shall be considered within the meaning of the Interim Period as defined and applied in this Order; it is further

ORDERED, that the Debtors shall promptly provide to Citizens, on a continuing basis: (i) all monthly reports received by the Debtors from Janus and Interstate with respect to the operation of the Debtors' hotels, which shall include monthly P&L statements (including occupancy reporting); (ii) monthly balance sheets; (iii) reconciliation reports comparing

budgeted expenditures to actual expenditures; and (iv) such other non-proprietary reports and financial data reasonably requested by Citizens; it is further

ORDERED that all cash, bank accounts, and cash equivalents for each Debtor shall be kept separate by that Debtor from each other Debtor, and that the Debtors shall not comingle funds or transfer funds to each other unless the Court, by separate order entered after notice and a hearing, authorizes the same; it is further

ORDERED that, regardless of whether the same is provided for in the Budget, the Debtors may use Cash Collateral to pay US Trustee fees as otherwise appropriate; it is further

ORDERED that the Court shall maintain jurisdiction to interpret and enforce this Order to the maximum extent possible notwithstanding any potential dismissal of the Bankruptcy Case.

SO ORDERED.                Signed on 12/22/2010

_____ SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

# BPP Texas, LLC et al
## 1 Month Cash Collateral Budget

| | BPP Illinois, LLC | BPP Iowa, LLC | BPP Michigan, LLC | BPP Minnesota, LLC | BPP Texas LLC | BPP Wisconsin | BPP Consolidated |
|---|---|---|---|---|---|---|---|
| Room Revenue | $ 363,058 | $ 85,851 | $ 47,580 | $ 49,649 | $ 83,783 | $ 404,432 | $ 1,034,353 |
| Telephone Revenue | 187 | 44 | 25 | 26 | 43 | 209 | 534 |
| Sales Tax Collected | 40,369 | 9,546 | 5,291 | 5,521 | 9,316 | 44,969 | 115,011 |
| Sales Tax Paid | (46,375) | (10,966) | (6,078) | (6,342) | (10,702) | (51,659) | (132,121) |
| Miscellaneous Revenue | 4,717 | 1,115 | 618 | 645 | 1,088 | 5,254 | 13,438 |
| Total Revenue | 361,956 | 85,591 | 47,436 | 49,498 | 83,528 | 403,205 | 1,031,215 |
| Room Expense | 145,434 | 34,390 | 19,060 | 19,888 | 33,562 | 162,008 | 414,342 |
| Telephone Expense | 7,287 | 1,723 | 955 | 996 | 1,682 | 8,117 | 20,760 |
| Miscellaneous Expense | 646 | 153 | 85 | 88 | 149 | 719 | 1,840 |
| Departmental Expense | 153,366 | 36,266 | 20,099 | 20,973 | 35,392 | 170,844 | 436,942 |
| Administrative and General | 100,187 | 23,691 | 13,130 | 13,701 | 23,120 | 111,605 | 285,434 |
| Sales and Marketing | 21,148 | 5,001 | 2,772 | 2,892 | 4,880 | 23,558 | 60,250 |
| Energy | 57,568 | 13,613 | 7,544 | 7,872 | 13,285 | 64,128 | 164,010 |
| Repairs and Maintenance | 43,851 | 10,369 | 5,747 | 5,997 | 10,120 | 48,849 | 124,933 |
| Franchise Fees | 17,499 | 4,138 | 2,293 | 2,393 | 4,038 | 19,494 | 49,856 |
| Undistributed Expense | 240,253 | 56,812 | 31,486 | 32,855 | 55,443 | 267,633 | 684,483 |
| Total Operating Expense | 393,620 | 93,078 | 51,586 | 53,828 | 90,835 | 438,477 | 1,121,424 |
| Gross Operating Profit | (31,663) | (7,487) | (4,150) | (4,330) | (7,307) | (35,272) | (90,209) |
| Management Fees | 10,119 | 2,393 | 1,326 | 1,384 | 2,335 | 11,272 | 28,829 |
| Contingency [Accrued] | 11,039 | 2,610 | 1,447 | 1,510 | 2,547 | 12,297 | 31,450 |
| FF&E [Accrued] | 11,039 | 2,610 | 1,447 | 1,510 | 2,547 | 12,297 | 31,450 |
| Asset Mgt Fee | 3,680 | 870 | 482 | 503 | 849 | 4,099 | 10,483 |
| Other Variable Expense | 35,876 | 8,484 | 4,702 | 4,906 | 8,279 | 39,965 | 102,212 |
| Income before Fixed Expense | (67,540) | (15,971) | (8,851) | (9,236) | (15,586) | (75,237) | (192,421) |
| Insurance | - | - | - | - | - | - | - |
| Taxes | - | - | - | - | - | - | - |
| Land Lease - Milwaukee West | - | - | - | - | - | 9,176 | 9,176 |
| Utility Deposits | - | - | - | - | - | - | - |
| Total Fixed Charges | | | | | | | |
| Net Cash Flow Before Debt Service | $ (102,640) | $ (24,271) | $ (13,451) | $ (14,036) | $ (23,686) | $ (123,513) | $ (301,597) |


EXHIBIT A