

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BPP TEXAS, LLC, *ET. AL.*, | § | Case No. 10-44378 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**ORDER APPROVING DISCLOSURE STATEMENT, SETTING CONFIRMATION
DEADLINES AND HEARING, AND SPECIFYING CONFIRMATION DISCOVERY**

CAME ON FOR HEARING on the 13th day of June, 2011 the approval of the *Disclosure Statement in Support of Debtors' Joint Plan of Reorganization* [docket no. 184], filed by BPP Texas, LLC, BPP Illinois, LLC, BPP Iowa, LLC, BPP Michigan, LLC, BPP Minnesota, LLC, and BPP Wisconsin, LLC (collectively, the "Debtors"), the debtors-in-possession in the above styled and numbered jointly administered bankruptcy case (the "Bankruptcy Case").

Citizens Bank of Pennsylvania ("Citizens") objected to the same. At the hearing, the Debtors presented the Court with various proposed changes to their disclosure statement. The Court required certain additional changes and additions. Additionally, the Debtors amended their proposed plan prior to said hearing, and further agreed to amend their plan during said hearing. Accordingly, on June 14, 2011, the Debtors filed their *Debtors' Second Amended Joint Consolidated Plan of Reorganization* [docket no. 246] (the "Proposed Plan"), together with their *Disclosure Statement In Support of Debtors' Second Amended Joint Consolidated Plan of Reorganization* [docket no. 248] (the "Disclosure Statement").

The Disclosure Statement complies with the Court's instructions stated during the hearing, and the Court hereby finds that the Disclosure Statement contains adequate information as required by the Bankruptcy Code. Accordingly, the Disclosure Statement is APPROVED.

For the avoidance of doubt, nothing in this Order in any way approves the Proposed Plan or in any way constitutes any endorsement by the Court of the Proposed Plan.

With the Disclosure Statement approved, it is appropriate for the Court to impose the following provisions concerning various matters regarding the hearing to consider the Proposed Plan. Accordingly, it is hereby:

ORDERED that the Disclosure Statement is APPROVED for solicitation; it is further

ORDERED that the Debtors shall serve the Disclosure Statement, Proposed Plan, ballots (as appropriate) and a notice of the confirmation hearing, Voting Deadline, and Objection Deadline (the foregoing, the "Solicitation Package"), all on or before June 17, 2011, on such creditors and parties as is otherwise appropriate, and that they shall file proof of such service by June 24, 2011; it is further

ORDERED that, provided the Debtors timely serve the Solicitation Package, the deadline for any creditor or party to object to the confirmation of the Proposed Plan is hereby set as 5:00 p.m. (Central Time) on **July 19, 2011** (the "Objection Deadline"); it is further

ORDERED that, provided the Debtors timely serve the Solicitation Package, the deadline for any voting creditor to return a ballot on the Proposed Plan is hereby set as 5:00 p.m. (Central Time) on **July 22, 2011** (the "Voting Deadline"); it is further

ORDERED that Davor Rukavina is appointed as the agent to collect and tabulate all such ballots (the "Balloting Agent"), and that creditors may return ballots to the Balloting Agent by e-mail, facsimile, mail, or otherwise, so long as the same are actually received by the Balloting Agent by the Voting Deadline; it is further

ORDERED that the Balloting Agent shall tabulate all ballots and shall file a summary thereof with the Court on or before July 25, 2011 and, in the event of any dispute concerning the

same, shall have all ballots ready for inspection and introduction into evidence at the Confirmation Hearing; it is further

ORDERED that the hearing to consider the confirmation of the Proposed Plan shall convene on **July 28, 2011 at 10:30 a.m.** (the "Confirmation Hearing"); it is further

ORDERED that, no later than seven (7) days prior to the Confirmation Hearing, the Debtors shall file a disclosure with the Court listing all entities and persons who own a direct or indirect interest in the Plan Funder (as defined in the Proposed Plan), and they shall serve a copy of the same on any person who requests the same in writing from the Debtors; it is further

ORDERED that, no later than seven (7) days prior to the Confirmation Hearing, the Debtors shall file a notice with the Court listing the status of the Plan Funder's capitalization, and details concerning the same, and the status of the Plan Funder's ability to fund the Plan Funding (as defined in the Proposed Plan) and to provide (and, to the extent called for under the Proposed Plan, to renew) the letters of credit provided for in the Proposed Plan, and they shall serve a copy of the same on any person who requests the same in writing from the Debtors; it is further

ORDERED that the following provisions shall apply to discovery between the Debtors and Citizens concerning the Proposed Plan only (they shall not apply to discovery in any other contested matter or adversary proceeding involving the Debtors and Citizens):

(i)     the following dates, deadlines, and procedures are subject to modification upon a showing of good cause or the agreement of the parties;

(ii)    any party seeking discovery in connection with the Confirmation Hearing must serve its discovery requests upon counsel for the party for whom discovery is being sought;

(iii)     all document requests shall be served on or before June 20, 2011;

(iv)     all non-privileged documents responsive to document requests shall be produced on a rolling basis, with document production to be completed within fourteen days after service of the document request;

(v)     all written responses and objections to any document request served on a party and all logs of documents withheld on grounds of privilege or similar protection shall be served on or before the date on which documents responsive to such request are to be produced;

(vi)     the parties shall serve expert reports of all experts who may testify at the Confirmation Hearing no later than twenty-one (21) days prior to the Confirmation Hearing, and they may designate previous experts and their reports so long as these expert witnesses will be made available to testify at the Confirmation Hearing and are made available for depositions;

(vii)     rebuttal expert reports shall be served no later than fourteen (14) days prior to the Confirmation Hearing;

(viii)     depositions of fact witnesses shall be completed no later than ten (10) days prior to the Confirmation Hearing and, except for good cause shown, no deposition of any witness will continue beyond seven hours;

(ix)     expert depositions shall be completed no later than seven (7) days prior to the Confirmation Hearing;

(x)     the parties shall identify the deposition testimony and exhibits they intend to use on direct examination and the witnesses they intend to call at the Confirmation Hearing three business days prior to the commencement of the Confirmation

Hearing, provided, however, that nothing herein alters the rules and law applicable to when one may use testimony by deposition;

(xi) said exhibit lists will be limited to the parties' respective cases-in-chief, and it is not required that the parties identify exhibits they intend to use on cross-examination, for rebuttal, or for impeachment, and it is also not required that the parties identify non-evidentiary demonstratives they intend to use;

(xii) any dispute with respect to discovery in connection with the Confirmation Hearing that the parties cannot resolve after good faith consultation will be presented to the Court by a letter from counsel for the party seeking relief, and any response thereto will be made by letter to the Court delivered within two business days after the initial submission and, except with prior leave of Court, such letters will not exceed three pages in length, and no additional submissions will be permitted; and

(xiii) the inadvertent or mistaken production of discovery material subject to a claim of privilege or work product protection will not constitute a waiver of any such privilege or work product protection, either as to the particular material or information involved or as to the subject matter thereof, as long as the producing party identifies the information mistakenly produced and requests the return or destruction of such documents and the destruction of any notes or summaries referring or relating to any such inadvertently or mistakenly produced material. See Fed. R. Civ. P. 26. Promptly upon receipt by counsel of written notice from counsel for the producing party of the inadvertent or mistaken production by the producing party of any document subject to a claim of privilege or work product

protection, the receiving party's counsel will destroy or return such documents to counsel for the producing party. Nothing herein waives any parties' right to challenge the producing party's assertion of privilege, protection or immunity as to the underlying document to be destroyed or returned to the producing party, during the pendency of any such dispute, the parties may not refuse to destroy or return such documents in accordance with this paragraph; it is further

ORDERED that, pursuant to Federal Rule of Bankruptcy Procedure 3018(a) for the sole purpose of accepting or rejecting the Proposed Plan under Bankruptcy Code Section 1126(a), the Lender Claim (as defined in the Proposed Plan) is temporarily allowed in the amount of $71,230,947.12, provided that such temporary allowance is without prejudice to the Debtors' objections to the Lender Claim; it is further

ORDERED that this Order is without prejudice to all issues between the Debtors and Citizens, including all such issues concerning the confirmation of the Proposed Plan and Citizens' potential objections thereto (except with respect to the adequacy of the Disclosure Statement).

SO ORDERED.

Signed on 6/15/2011

_Brenda T. Rhoades_
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

ORDER APPROVING DISCLOSURE STATEMENT, SETTING CONFIRMATION DEADLINES AND HEARING, AND SPECIFYING CONFIRMATION DISCOVERY – Page 6

MHDocs 3328621_1 12026.1