IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 10-44378 |
| BPP TEXAS, LLC, *ET. AL.*, | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| | § | **Hearing: August 1, 2011 @ 10:00 a.m.** |

**EMERGENCY JOINT MOTION OF THE DEBTORS AND CITIZENS BANK OF PENNSYLVANIA TO: (I) EXTEND DEBTORS' EXCLUSIVITY; (II) EXTEND USAGE OF CASH COLLATERAL; AND (III) CONTINUE THE AUTOMATIC STAY**

TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:

COME NOW BPP Texas, LLC, BPP Illinois, LLC, BPP Iowa, LLC, BPP Michigan, LLC, BPP Minnesota, LLC, and BPP Wisconsin, LLC (collectively, the "Debtors"), the debtors-in-possession in the above styled and numbered jointly administered bankruptcy case (the "Bankruptcy Case"), and Citizens Bank of Pennsylvania ("Citizens"), and filed this their *Emergency Joint Motion to: (i) Extend Debtors' Exclusivity; (ii) Extend Usage Of Cash Collateral; and (iii) Continue The Automatic Stay* (the "Motion"), respectfully stating as follows:

## I.    PROCEDURAL BACKGROUND

1.    On December 21, 2010 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), thereby initiating the Bankruptcy Case and creating the bankruptcy estates (the "Estates").  The Court has ordered the joint administration, for procedural purposes only, of the Debtors' cases under the style and number of the Bankruptcy Case.

2.    The Debtors continue to operate their businesses and to manage their Estates as debtors-in-possession.  No committee, trustee, or examiner has been appointed to date.

3.     The Court has jurisdiction over the Bankruptcy Case and this matter under 28 U.S.C. § 1334.  Such jurisdiction is core under 28 U.S.C. 157(b)(2).  Venue of the Bankruptcy Case and this matter before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

## II.     FACTUAL BACKGROUND

4.     On June 14, 2011, the Debtors filed their *Debtors' Second Amended Joint Consolidated Plan of Reorganization* (the "Plan").  Citizens has objected to the Plan, and a hearing to confirm the Plan is presently set to commence on July 28, 2011.  As the Debtors and Citizens have otherwise informed the Court, the Debtors and Citizens will seek a continuance of the confirmation hearing to a date in the latter half of September, 2011.

5.     The continuance will be sought because the Debtors, Citizens and the guarantors of the Debtors' obligations to Citizens ( the "Guarantors"), have been engaged in meaningful settlement discussions as to the objections of Citizens to confirmation of the Plan and the litigation among the Debtors, Citizens and the Guarantors as to the allowance of Citizens's claims and the defenses and counterclaims raised thereto by the Debtors and the Guarantors (collectively, the "Disputes").  No agreement has been reached as to any of these Disputes. Due to the multiple issues and parties involved,  the time it would take for Citizens to obtain internal approvals of any agreement that might be reached, and the fact that discussions have been constructive, the Debtors, Citizens and the Guarantors all believe that they would benefit from some additional time to negotiate and, should they arrive at a settlement, to obtain approvals for the same and to implement the same.  Such parties believe that this process should be concluded either way by mid-September, 2011.

6.     In order to enable continuing and meaningful settlement discussions, the Debtors, Citizens and the Guarantors have agreed to, among other things, a limited "standstill" as to the

Disputes, as set out in a letter agreement among them dated July 26, 2011, subject to the Court's ability to accommodate their request for a postponement of the confirmation hearing on the Plan to a date in September 2011. In that letter agreement, the Debtors, Citizens and the Guarantors have agreed to extend (of course, and as noted, subject to Court approval) certain deadlines applicable to the Debtors and these chapter 11 cases, including: (i) the Debtors' exclusivity; (ii) the Debtors' usage of Citizens' cash collateral; and (iii) the imposition of the automatic stay. Each of these matters is set to expire at the conclusion of the presently scheduled confirmation hearing, pursuant to various orders entered in the Bankruptcy Case.

## III.   RELIEF REQUESTED

7.      Accordingly, and by this Motion, the Debtors respectfully request that the Court enter an order: (i) extending the Debtors' exclusivity; (ii) extending the Debtors' usage of cash collateral; and (iii) continuing the imposition of the automatic stay – all through the conclusion of the requested continued confirmation hearing at some date in September 2011.  This Motion is conditioned on the Court in fact agreeing to continue the presently scheduled confirmation hearing.  (The letter agreement among the Debtors, Citizens and the Guarantors also has other important aspects to it, and this motion summarizes certain parts but not all of that letter agreement. The letter agreement itself will continue to be the operative agreement of those parties. The Debtors note that, other than their obligation to request the relief sought herein, the letter agreement imposes no obligations on the Debtors or their estates.)

8.      The Debtors and Citizens submit that, giving them and the Guarantors additional time to continue these settlement discussions is in the best interests of judicial efficiency, the Debtors, and their creditors and Estates.  While the Debtors, Citizens and the Guarantors  may not reach a resolution of their Disputes, if they do a 3 day hearing will be avoided, all other

creditors of the Estates will have finality with respect to the Bankruptcy Cases, and substantial amounts of fees and costs will be spared. The Debtors also wish to ensure that the Court knows that they have not waited until the last minute to engage in negotiations. They have engaged in a formal mediation on April 19, 2011 and have engaged in other attempts to resolve the Disputes. The present discussions are an extension of these negotiations.

9. With respect to exclusivity under section 1121(b) and (c) of the Bankruptcy Code, and pursuant to its *Agreed Order Extending Debtors' Exclusivity* [docket no. 160], this Court has previously extended the Debtors' exclusivity through July 27, 2011, conditioned on the Debtors complying with various requirements in said order. The Debtors request that said exclusivity be further continued through the conclusion of the requested continued confirmation hearing, estimated to be the end of September, 2011.

10. With respect to the usage of cash collateral, on June 28, 2011, this Court entered its *Order Extending the Debtors' Use of Cash Collateral* [docket no. 278] (the "Cash Collateral Order"). Pursuant to the same, the Debtors' authority to use Citizens' cash collateral expires on July 29, 2011 (subject to various provisions therein). The Debtors request that the Cash Collateral Order be extended, pursuant to identical terms, rights, protections, and requirements as now contained therein, with the only difference being that the same would expire at the conclusion of the requested continued confirmation hearing, estimated to be the end of September, 2011, unless further extended as provided for therein. As part of the same, the Debtors are required to make monthly adequate protection payments of $100,000.00 to Citizens. This requirement would continue through the extended period, and the Debtors' failure to make any such payment would result in the defaults and consequences of such defaults otherwise provided for in the Cash Collateral Order, including the lifting of the automatic stay.

11.     With respect to the automatic stay, on April 13, 2011, this Court entered its *Final Order on Lender's Motion for Relief from the Automatic Stay* [docket no. 161] pursuant to which, among other things, the automatic stay remains in place as to the Debtors and their property through July 29, 2011. The Debtors request that this date be extended through the conclusion of the requested continued confirmation hearing, estimated to be the end of September, 2011. In the meantime, all requirements of that order, including the requirement to make monthly payments of $9,620 (Minnesota) and $8,015 (Michigan) to Citizens, would remain in place and the failure to make such payments would result in the lifting of the automatic stay and the other consequences provided for by such order and all other applicable orders.

12.     This Motion is without prejudice to any and all of the respective rights of the Debtors, Citizens and the Guarantors. The agreements among the Debtors, Citizens and the Guarantors encompassed in the letter agreement and described herein shall not be used to prejudice any other issue among them, including, without limitation, to prejudice any future or other issue concerning exclusivity, cash collateral, or the automatic stay. Expressly on the basis of that reservation of rights, Citizens hereby joins the continuance sought herein and, if the confirmation hearing can be continued to dates in September 2011, confirms that it has no objection to the other aspects of the relief sought by the Debtors above.

## IV.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court enter an order: (i) granting this Motion; (ii) extending the Debtors' exclusivity, usage of cash collateral, and the imposition of the automatic stay, all through the conclusion of the requested continued confirmation hearing; and (iii) for such other relief as the Debtors and Citizens may jointly request related to this Motion.

RESPECTFULLY SUBMITTED this 27th day of July, 2011.

**MUNSCH HARDT KOPF & HARR, P.C.**


By: _/s/ Davor Rukavina_
      Joseph J. Wielebinski
      Texas Bar No. 21432400
      Davor Rukavina
      Texas Bar No. 24030781
      Zachery Annable
      Texas Bar No. 24053075
      Jonathan L. Howell
      Texas Bar No. 24053668
      3800 Lincoln Plaza
      500 North Akard Street
      Dallas, Texas  75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584

**ATTORNEYS FOR THE
DEBTORS-IN-POSSESSION**

**-- and --**

**BROWN RUDNICK LLP**


By: _/s/ William R. Baldiga (w/ permission)_
      William R. Baldiga
      Admitted *Pro Hac Vice*
      James W. Stoll
      Admitted *Pro Hac Vice*
      One Financial Center
      Boston, MA 02111
      Telephone: (617) 856-8200
      Facsimile: (617) 856-8201

**ATTORNEYS FOR CITIZENS
BANK OF PENNSYLVANIA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 27th day of July, 2011, true and correct copies of this Motion, with the proposed order thereon, were electronically served by the Court's ECF system on parties entitled to notice thereof and that, additionally, on the same date he caused true and correct copies of this Motion, with the proposed order thereon, to be served by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

By: /s/ Davor Rukavina
        Davor Rukavina