IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| BPP TEXAS, LLC, *ET. AL.*, | § § | Case No. 10-44378 |
| Debtors. | § § § | Jointly Administered |

**DEBTORS' MOTION FOR APPROVAL OF: (I) SALE OF O'HARE AIRPORT HOTEL FREE AND CLEAR; AND (II) ASSUMPTION AND ASSIGNMENT OF <u>EXECUTORY CONTRACTS ASSOCIATED WITH THE O'HARE AIRPORT HOTEL</u>**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION / OBJECTION / APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:

COME NOW BPP Texas, LLC, BPP Illinois, LLC, BPP Iowa, LLC, BPP Michigan, LLC, BPP Minnesota, LLC, and BPP Wisconsin, LLC (collectively, the "<u>Debtors</u>"), the debtors-in-possession in the above styled and numbered jointly administered bankruptcy case (the "<u>Bankruptcy Case</u>"), and file this their *Motion for Approval of: (i) Sale of O'Hare Airport Hotel Free and Clear; and (ii) Assumption and Assignment of Executory Contracts Associated with the O'Hare Airport Hotel* (the "<u>Motion</u>"), respectfully stating as follows:

# I. BACKGROUND

1. On December 21, 2010 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), thereby initiating the Bankruptcy Case and creating the bankruptcy estates (the "Estates"). The Court has ordered the joint administration, for procedural purposes only, of the Debtors' cases under the style and number of the Bankruptcy Case.

2. The Debtors continue to operate their businesses and to manage the Estates as debtors-in-possession. No committee, trustee, or examiner has been appointed.

3. The Court has jurisdiction over the Bankruptcy Case and this Motion under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. 157(b)(2). Venue of the Bankruptcy Case before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

# II. PROPOSED SALE

4. The Debtors are Delaware limited liability companies. Together, they own and operate twenty-two (22) hotels (the "Hotels"), located in Texas, Illinois, Iowa, Michigan, Minnesota, and Wisconsin. Each of the Hotels underwent significant renovations in 2008 and now operates under a nationally recognized and well respected Wyndham Hotel Group brand. In addition to owning the real property and improvements, the Debtors own the franchise rights to the Hotels. To assist the Debtors with operating the Hotels, the Debtors maintain contracts with outside, non-debtor companies to assist with the day-to-day management of the Hotels, as well as some of the more sophisticated aspects of managing the Debtors' assets. Since their initial purchase, the Hotels have operated successfully, with dramatic recent improvements.

5. One of the Hotels is a Baymont Inn & Suites branded hotel located at Chicago's OHare airport, 2881 Touhy Avenue, Elk Grove Village, Illinois, 60007 which, together with the

land, improvements, fixtures, machinery, goods, and personalty located thereon (all such real and personal property, the "O'Hare Hotel") is owned by BPP Illinois, LLC (the "Illinois Debtor").

6. Attached hereto as Exhibit "A" and incorporated herein is that certain *Purchase and Sale Agreement*, dated July 25, 2011 (the "Agreement"), by and between the Illinois Debtor and LNG LLC (the "Proposed Buyer"). Pursuant to the Agreement, the Illinois Debtor would sell to the Proposed Buyer (the "Proposed Sale") all of the Debtors' and the Estates' interests in and to the O'Hare Hotel, together with an assignment of the Assumed Contracts (defined below). The Agreement contains the precise agreement and terms between the parties. Nevertheless, the Debtors offer the following summary:

- the purchase price is $3,955,511.00 (the "Purchase Price" or the "Proceeds");

- the Proposed Buyer is responsible for a $50,000.00 deposit, which the Proposed Buyer has deposited with the Title Company, to be credited against the Purchase Price or forfeited as provided for in the Agreement;

- the Proposed Buyer has a forty-five (45) day due diligence period;

- closing would be within ten (10) days after the expiration of the due diligence period;

- the Debtors pay their broker a 1% commission, and there is no cooperating broker;

- taxes and utilities are prorated between the Debtors and the Proposed Buyer as of the date of closing; and

- the Debtors assign and transfer to the Proposed Buyer the Assumed Contacts, including the Franchise Agreement, such that the O'Hare Hotel will stay a Baymont Inn & Suites branded hotel.

7. The Debtors and their representatives negotiated and executed the Agreement in good faith, through arm's length negotiations, after extensive marketing efforts. The Proposed Buyer is not an insider of the Debtors and has no relationship with, or interest in, the Debtors or any of their direct or indirect equity holders or asset managers.

8. The Purchase Price is fair and adequate, and advantageous for the Estates, and is the result of extensive and professional marketing, and a controlled bidding process involving multiple offers (the Purchase Price is the highest and best offer). Moreover, the Purchase Price significantly exceeds the appraisal of the O'Hare Hotel obtained by Citizens Bank of Pennsylvania (the "Lender").

9. The Lender has a perfected lien against the real property, improvements, and personalty at the O'Hare Hotel. At closing, the Debtors request authority to pay: (i) any property tax against the O'Hare Hotel; (ii) their broker, Hunter Realty, a brokerage commission of $118,665.33; (iii) ordinary and customary closing costs; and (iv) any cure claims to assume the Assumed Contracts. The Debtors request that the Illinois Debtor then temporarily retain $100,000 of the Proceeds subject to all liens, claims, interests and encumbrances against the same, and segregated from all other cash, for potential future surcharge or payment to the Lender, including under any plan. The Debtors request authority to pay the balance of the Proceeds – approximately $3.7 million – to the Lender.

10. With respect to executory contracts that the Debtors request authority to assume and assign under this Motion, and without admitting that any of the foregoing (other than the Franchise Agreement) is an "executory contract," "Assumed Contracts" refers to the following:

| Contract | Counterparty | Cure Claim |
|---|---|---|
| Franchise Agreement BFS #23866-73515-01 | Baymont Franchise Systems, Inc. | $73,440.88 |
| ResCentral Application Terms and Conditions (undated) | Baymont Franchise Systems, Inc. | subsumed in above |
| Hotel Revenue Management Consulting Agreement dated June 4, 2009 | Wyndham International | subsumed in above |
| Independent Website Service Agreement dated November 25, 2008 | L.E.T. Group, Inc. | $990.00 |

| Intellectual Property Site License and Support Agreement, dated February 1, 2008 | Micros Systems, Inc. | $0.00 |
|---|---|---|
| Location Agreement dated May 1, 2011 | Innflux, LLC | $0.00 |
| Energy Services Agreement dated April 29, 2010 | Centerpoint Energy Services, Inc. | $3,908.36 |
| Customer Supply Agreement dated March 9, 2011 | FirstEnergy Solutions, Corp. | $0.00 |
| Hotel/Motel Bulk Services Agreement dated July 5, 2011 | Comcast of Illinois VI, LLC | $0.00 |
| Hotel/Motel Directory Agreement May 2, 2008 | North American Directory Services, LLLP | $0.00 |

### III. DISCUSSION

**A. SALE OF PROPERTY**

11. This Court may authorize the sale of the O'Hare Hotel pursuant to Section 363(b)(1) of the Bankruptcy Code. 11 U.S.C. § 363(b)(1) (2009). The sale of the assets of a debtor outside the ordinary course of business may be approved by a bankruptcy court when: (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice is provided to interested parties; (iii) the price is fair, reasonable and adequate; and (iv) the sale is made to the purchaser in good faith. *See, e.g., In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Stroud Ford, Inc.*, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993); *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

12. The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997); *Official Committee of Subordinated Bondholders v. Integrated Resources, Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("the objective of bankruptcy sales and the

Debtor's duty with respect to such sales is to obtain the highest price or overall greatest benefit possible for the estate" (*quoting In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988))). As recognized by the Fifth Circuit, the Debtors are entitled to use business judgment in determining whether to sell assets outside the ordinary course. *See Institutional Creditors of Continental Air Lines Inc. v. Continental Air Lines Inc. (In re Continental Air Lines Inc.),* 780 F.2d 1223, 1226 (5th Cir. 1986).

13. Here, the Debtors, who themselves have extensive experience in the hotel industry, together with their broker, Hunter Realty, who is the leading broker in the industry, have engaged in an extensive marketing process for the O'Hare Hotel, which yielded multiple offers from potential buyers. They then engaged in a competitive bidding process, which yielded the Agreement and the Proposed Buyer as the highest and best sale. The Purchase Price exceeds the appraised value of the O'Hare Hotel. Finally, selling the O'Hare Hotel comports with the Debtors' business plan and, upon information, with the goals of the Lender as well. For all these reasons, the Debtors submit that approval of the Proposed Sale is in the Estates' best interests.[1]

B. **AUTHORITY TO SELL FREE AND CLEAR**

14. The Lender has a perfected lien in the real property, improvements, and personalty at the Austin Hotel. Additionally, various taxing authorities have first-priority *ad valorem* tax liens. The sale would not be free of any 2011 tax lien. The Debtors are not aware of any other perfected, prepetition lien or interest against the Austin Hotel.

---

[1] The Debtors note that, in their pending proposed plan, they anticipated generating higher proceeds for the O'Hare Hotel in 2013. However, selling the O'Hare Hotel at this time, and for this Purchase Price, is better for the Estates because it will enable the Debtors to avoid carrying costs (mainly interest) for the O'Hare Hotel for the next two years, which savings will be significantly more than the estimated higher purchase price in 2013.

15. Section 363(f) of the Bankruptcy Code authorizes the Debtors to sell property outside of the ordinary course of business "free and clear of any interest in such property of an entity other than the estate, only if –

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f) (2008). The Debtors may sell property free and clear if any one of these five conditions is satisfied. *See Newport Acquisition Co. No. 1 L.L.C. v. Crossroads Capitals Partners L.L.C. (In re C-Power Prods. Inc.)*, 230 B.R. 800, 803 (Bankr. N.D. Tex. 1998) (Felsenthal, J.). *See also Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002); *Citicorp Homeowners Servs. Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988). Clauses (3) and (5) are met with respect to the O'Hare Hotel.

16. As part of the proposed sale free and clear of liens, claims, interests, and encumbrances, the Debtors are generally required to provide adequate protection to the holder of any interest in the property. *See* 11 U.S.C. § 363(e). Here, *ad valorem* tax liens will be paid at closing, except for 2011 tax liens. With respect to the liens of the Lender, those liens will attach to the Proceeds with the same validity, extent, and priority as otherwise exists. Most of the Proceeds will be paid to the Lender at closing but, with respect to the $100,000 the Debtors propose to reserve, those funds will also be subject to the Lender's liens and the Debtors will not be able to use the same for any purpose without future order of the Court.

C.  **ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS**

17. By this Motion, the Debtors request authority under section 365(a) and (b) of the Bankruptcy Code to assume each of the Assumed Contracts, and to assign the same to the Proposed Buyer under the Agreement. As part of such assumption, the Debtors proposed to pay the cure claims listed in paragraph 10 above, or such other amounts as may be asserted and agreed to by the Debtors, or ordered by this Court.

D.  **PAYMENTS FROM PROCEEDS**

18. The payments referenced below and requested in this Motion are fully conditioned on the actual closing of the Agreement. If the Agreement does not close, none of these payments would be made.

19. From the Proceeds, the Debtors request authority to pay all year 2010 and prior *ad valorem* real and business personal property taxes. The Proposed Sale would not be free and clear of year 2011 *ad valorem* taxes, which would be assumed by the Proposed Buyer, but the Debtors request authority to pay their portion of year 2011 taxes as specified in the Agreement.

20. Second, the Debtors request authority to pay brokerage fees to Hunter Realty Associates, Inc., the Debtors' court-approved broker, of 3% of the Proceeds. This Court has entered an order approving Hunter's retention by the Debtors and payments to Hunter under section 328 of the Bankruptcy Code. This Court further ordered that, although Hunter must request the allowance of its commission, such application "may be combined with any motion that the Debtors may file to sell any of their hotels, and the Court's approval of the payment of any fees or expenses to Hunter shall be considered together with, and as a part of, any such potential sale."

21. Third, the Debtors request authority to pay ordinary and customary closing costs, including to Chicago Title Insurance Company (the "Title Company").

22. Fourth, the Debtors request authority to retain $100,000.00 or the Proceeds, segregated by the Illinois Debtor and which cannot be used for any purpose, pending future order of the Court. The Debtors propose to hold this amount for a potential surcharge against the Lender, depending on what happens in the Bankruptcy Case. The Debtors believe that this tradeoff is reasonable, in exchange for an immediate payment of the remaining Proceeds to the Lender, in light of all of the outstanding matters remaining in the Bankruptcy Case.

23. Fifth, the Debtors request authority to pay the cure claims requested in this Motion for the Assumed Contracts, either from the Process or from the Lender's cash collateral. Given that the assumption and assignment of the same are a condition to the sale, payment of the same is necessary, appropriate, and in the Estates' best interests in order to realize the benefit from the sale including, from the Lender's perspective, a paydown of millions of dollars of debt.

24. Sixth, and absent any such dispute, the Debtors request authority to pay the remaining Proceeds, estimated at $3.7 million, to the Lender. Such payment would be an interim payment, and the Court would retain the right to dictate how the payment is applied *vis a vis* the Debtors' obligations to the Lender.

E. **SERVICE OF AGREEMENT**

25. To save the significant costs of mailing, the Debtors are not serving a copy of the Agreement with this Motion on everyone by mail. However, any part that desires to obtain a copy of the Agreement may obtain such a copy, free of charge, by contacting: Linda Reetz, Munsch Hardt Kopf & Harr, P.C., 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201, Telephone: (214) 880-7694, Facsimile: (214) 978-5359.

# IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully requests that the Court enter an order: (i) granting this Motion; (ii) approving the Proposed Sale and the Agreement; (iii) authorizing the Debtors to sell the O'Hare Hotel to the Proposed Buyer under the Agreement, free and clear of all liens, claims, interests, and encumbrances, except year 2011 *ad valorem* tax liens, with all such liens, claims, interests, and encumbrances attaching to the Proceeds with the same validity, extent, and priority as otherwise exists; (iv) authorizing the assumption and assignment of the Assumed Contracts to the Proposed Buyer, for the cure claims referenced above; (v) authorizing the Debtors to execute necessary, customary, and appropriate closing and title documents; (vi) authorizing the Debtors to make the tax, brokerage, closing, and Lender payments referenced above; and (vii) granting the Debtors such other and further relief to which they may show themselves to be justly entitled.

RESPECTFULLY SUBMITTED this 27th day of July, 2011.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Joseph J. Wielebinski
Texas Bar No. 21432400
Davor Rukavina
Texas Bar No. 24030781
Zachery Annable
Texas Bar No. 24053075
Jonathan L. Howell
Texas Bar No. 24053668
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR THE
DEBTORS-IN-POSSESSION**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 27th day of July, 2011, true and correct copies of this Motion, with the exhibit thereto and the proposed order thereon, were electronically served by the Court's ECF system on parties entitled to notice in this Bankruptcy Case and that, additionally, on the same date he caused true and correct copies of this Motion, with the exhibit thereto and the proposed order thereon, to be served by U.S. first class mail, postage prepaid, on the following:

Citizens Bank of Pennsylvania
c/o William R. Baldiga
Brown Rudnick, LLP
Seven Times Square
New York, NY 10036

Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

LET Group Internet Marketing
381 Tequesta Dr.
Tequesta, FL 33469-3027

FirstEnergy Solutions Corp.
P.O. Box 3622
Akron, OH 44309-3622

Comcast Cable
P.O. Box 3001
Southeastern, PA 19398

Baymont Franchise Systems, Inc.
c/o Forman Holt Eliades & Ravin
80 Route 4 East - Suite 290
Paramus, New Jersey 07652

CenterPoint Energy Services
Attn: Credit Department
1111 Louisiana St., RM 2037
Houston, TX 77002

and that, on the same date, he caused true and correct copies of this Motion, without the exhibit thereto but with the proposed order thereon, to be served, by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

By: /s/ Davor Rukavina
      Davor Rukavina, Esq.

DEBTORS' MOTION FOR APPROVAL OF: (I) SALE OF O'HARE AIRPORT HOTEL FREE AND CLEAR; AND (II) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS ASSOCIATED WITH THE O'HARE AIRPORT HOTEL – Page 11

MHDocs 3389190_1 12026.1